UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LUTHER WILLIAMS, JR.                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14cv446-DPJ-FKB

UNITED STATES OF AMERICA, et al.                                 DEFENDANTS

ORDER

This *pro se* case is before the Court on Defendants' Motion to Dismiss for Lack of

Jurisdiction and/or Failure to State a Claim [7], and Plaintiff's Motion for Default Judgment

and/or Summary Judgment [10].  Upon considering the parties' submissions and applicable

authority, the Court finds Plaintiff's motion should be denied, and Defendants' motion should be

granted.

I.      Overview

Plaintiff Luther Williams, Jr., represents himself in this case against the United States.

Because he proceeds pro se, the Court liberally construes his pleadings.  And in that light,

Williams appears to claim that the Department of Veterans Affairs failed to inform him that his

now former spouse had various health and other insurance-related benefits.  He asserts that had

he known, he would have avoided certain damages, including the foreclosure of his home in

1998.  Pl.'s Am. Compl. [4] at 2.  Williams claims to have discovered the benefits in 2010; he

submitted an SF-95 on January 28, 2013.

After denial of his claim, Williams filed suit against the United States of America and

Mr. Sloan Gibson, Acting Secretary of the United States Department of Veterans Affairs.[1]  The

---

[1]The Court interprets the claim against Gibson as an official-capacity claim, which is in
effect a claim against the United States itself.  *See Freeman v. U.S. Dep't of Homeland Sec.*, No.
06-4846 C, 2007 WL 1296206, at *4 (E.D. La. Apr. 30, 2007).

Government moved to dismiss [7], and Williams filed a motion for default and/or summary judgment [10] which also constituted his response. The Government filed a joint reply/response [12], and the Court is now prepared to rule.

II.     Standards

As a threshold issue, the Court must determine the proper scope of review. The Government premises its motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. While a motion under Rule 12(b)(6) must be decided with reference solely to the complaint and certain documents "referenced in the complaint," *Malone Gaming Management, L.L.C. v. St. Tammany Parish*, 456 F. App'x 336, 340 (5th Cir. 2011), a motion to dismiss for lack of subject-matter jurisdiction may be decided based on "the complaint supplemented by undisputed facts in the record," *Huff v. Neal*, 555 F. App'x 289, 295 (5th Cir. 2014).

The issue is further clouded by the basis of the Government's Rule 12(b)(1) motion—Williams's alleged failure to file his complaint within the statute of limitations. Recent cases from the Fifth Circuit hold that the statute of limitations under the Federal Tort Claims Act (FTCA) is jurisdictional, but some earlier cases say it is not. *Compare In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011) (holding that FTCA statute of limitations is jurisdictional), *with Perez v. United States*, 167 F.3d 913, 915–17 (5th Cir. 1999) (taking contrary view).

Ultimately, the Court concludes that it can review the record evidence for two reasons. First, as stated, the current trend in this circuit is to treat the matter as jurisdictional. *See, e.g.,*

*Farmer v. United States*, 539 F. App'x 584, 585 (5th Cir. 2013).[2]  Regardless, Rule 12(d) gives the Court discretion to convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment.  In this case, both parties presented record evidence that would normally fall beyond the scope of Rule 12(b)(6).  And Williams has expressly moved for summary judgment on the claims.  The Court elects to consider the evidence under Rule 56.

Pursuant to Rule 56(a), summary judgment is warranted when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.    Analysis

A.    Government's Motion

The Government asserts four primary arguments for dismissal:  (1) the claims were brought beyond the applicable statute of limitations and therefore jurisdiction is lacking; (2) Williams has not pleaded a breach of duty; (3) federal district courts lack jurisdiction over benefit determinations; and (4) res judicata.  Because this case was filed beyond the applicable statute of limitations, the Court will focus on that issue.  That said, the legal basis for a breach is not apparent unless the Court revisits claims that were dismissed in a prior case.

---

[2] The United States Supreme Court has granted a petition for a writ of certiorari on this precise issue.  *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir.) (en banc) (holding that FTCA's statute of limitations is not jurisdictional), *cert. granted sub nom. United States v. Kwai Fun Wong*, 134 S. Ct. 2873 (2014).

1.      Statute of Limitations

The Government contends that Williams's claims are barred by the FTCA's statute of

limitations.  Section 2401(b) provides the test:

> A tort claim against the United States shall be forever barred unless it is presented
> in writing to the appropriate Federal agency within two years after such claim
> accrues or unless action is begun within six months after the date of mailing, by
> certified or registered mail, of notice of final denial of the claim by the agency to
> which it was presented.

28 U.S.C. § 2401(b).  "[A] claimant is required to meet both filing deadlines."  *In re FEMA*

*Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d at 189.

As noted, Williams's claims appear to center on his allegation that he did not know, in

1998 and 1999, that he was eligible for coverage under his wife's employer-provided benefit

plan.  Am. Compl. [4] at 2.  He faults the VA for improperly failing to disclose this information.[3]

But his Amended Complaint, his Response/Motion, and his SF-95 claim form all state that

Williams learned of this alleged omission in 2010.  Under § 2401(b), Williams had two years to

make a claim, but he failed to do so until January 2013.  The claim was untimely.

Williams addresses the statute-of-limitations defense in his Response/Motion, claiming

that the VA's failure to disclose benefits was part of a continuing pattern of retaliatory acts

stemming from another federal claim that was dismissed in 2004.  *See United States v. Luther*

*Williams, Jr.*, 3:00-cv-00499-HTW.  That case involved the foreclosure of his property.  But his

---

[3]He also mentions her Thrift Savings Plan, but the only record evidence indicates that he
was not a beneficiary of this plan.  D. Williams Decl. [12-1] ¶ 3.

Amended Complaint in this case makes no claims for retaliation, and his SF-95 fails to mention retaliation.[4]  The claim is time barred.

      2.     Merits

As noted, Williams complains that "[t]he Department of Veteran Affairs failed to give notice of the federal group employer benefit."  Am. Compl. [4] at 2.  But he does not allege that the Government had any legal duty to inform an employee's spouse of employee benefits, and the Court is not aware of any such duty.  To the extent Williams asserts that the VA failed to comply with certain provisions of ERISA related to disclosure of summary plan descriptions to participants and beneficiaries, 29 U.S.C. § 1022, ERISA does not apply to "governmental plan[s]," *id.* § 1003.  *See id.* § 1002(32) (defining governmental plan as "a plan established or maintained for its employees by the Government of the United States . . . or by any agency or instrumentality of" the United States).

      3.     Res Judicata

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).  It does not appear from the face of the Amended Complaint that Williams is necessarily asserting claims that would fall under the doctrine.  But his response spends a fair amount of time making general assertions regarding that prior litigation.  To the extent he intended to pursue claims that were previously adjudicated between these parties, then those claims would be barred.

---

[4]There is nothing in Williams's Amended Complaint—or the rest of the record—suggesting that he administratively exhausted a retaliation claim.

B.      Williams's Motion

Williams seeks default judgment.  Rule 55 of the Federal Rules of Civil Procedure allows default judgment when a party "has failed to plead or otherwise defend . . . ."  In this case, the Government defended by filing a proper motion under Rule 12(b).  As for Williams's summary-judgment motion, he has not demonstrated the lack of a genuine material dispute "and that he is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

IV.     Conclusion

Defendants' Motion to Dismiss for Lack of Jurisdiction and/or Failure to State a Claim [7] is granted and the case is dismissed with prejudice.  Williams's Motion for Default Judgment and/or Summary Judgment [10] is denied.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

        **SO ORDERED AND ADJUDGED** this the 5th day of November, 2014.

                        s/ *Daniel P. Jordan III*
                        UNITED STATES DISTRICT JUDGE