UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUTHER WILLIAMS, JR.                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14cv446-DPJ-FKB

UNITED STATES OF AMERICA, et al.                                    DEFENDANTS

ORDER

This closed *pro se* case is before the Court on a number of motions:  Plaintiff's Motion

for Reconsideration and Reversal [15], Plaintiff's Motion for Answers [19], Defendants' Motion

to Strike [20], and Plaintiff's Motion and Request for a United States Justice Department

Investigation and Review-Washington, D.C. [21].  For the reasons that follow, the motion to

strike is granted, and the remaining motions are denied.

I.      Facts and Procedural History

Plaintiff Luther Williams, Jr., filed a Complaint [1] against the United States on June 6,

2014; he filed an Amended Complaint [4] on June 19, 2014.  In his pleadings, Williams

complained that the Department of Veterans Affairs failed to inform him that his now-former

spouse had various health and other insurance-related benefits.  He asserted that had he known,

he would have avoided certain damages, including the foreclosure of his home in 1998.

The United States moved to dismiss [7], and the Court dismissed Williams's claims on

November 5, 2014.  Order [13].  Williams thereafter moved for reconsideration [15] and for

discovery [19], and the United States moved to strike the request for discovery [20].  Finally,

Williams moved for review of the dismissal of his case "by the newly appointed Attorney

General for the United States Department of Justice in Washington D.C., or by the President of

the United States of America and his staff[]."  Mot. [21] at 4.

II.     Analysis

A.     Motion for Reconsideration and Reversal [15]

The Court construes Williams's motion for reconsideration as a Rule 59(e) motion to alter or amend the judgment.  Reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and internal quotation marks omitted).

Williams's motion reveals no basis for reconsideration.  Williams asserts that the injuries stemming from the foreclosure are "ongoing continuously."  Mot. [15] at 1.  But assuming the continuing-tort doctrine applies at all in FTCA cases, *see In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 646 F.3d 185, 191 (5th Cir. 2011) (per curiam), Williams has not established its applicability to the facts of this case.  "[C]laim accrual under the FTCA is based on awareness of the injury, not when the alleged wrongful conduct ends."  *Id.*

In this case, Williams was aware of the allegedly wrongful foreclosure no later than 2000, when the previous litigation surrounding the foreclosure was filed.  And he became aware of his claimed entitlement to benefits that allegedly could have prevented the foreclosure in 2010.  His failure to file an SF-95 within two years renders his claim relating to insurance benefits time-

barred.[1]  Williams has not demonstrated that the Court's conclusion on this point involved a

manifest error of law or fact.[2]  The Motion for Reconsideration [15] is denied.

       B.       Motion for Answers [19] and Motion to Strike [20]

       Williams's motion for answers contains five questions he would like answered, but it is

not clear whether he seeks answers from the Court or the Department of Veterans Affairs.  Mot.

[19] at 1.  Either request would be denied.  First, Williams has no right to obtain discovery in this

closed case.  Second, he is not entitled to answers from the Court beyond the explanations

provided in the Court's orders.  Defendants' Motion to Strike [20] is therefore granted, and

Williams's Motion [19] is denied as moot.

       C.       Motion and Request for a United States Justice Department Investigation and
               Review-Washington, D.C. [21]

       Finally, Williams asks the Court to have the Department of Justice or the President

review the unfair dismissal of his case.  Williams cites no statute or case that would permit the

Court to order a review of his case by the DOJ or the President, and the Court is aware of no such

procedure.  The Motion [21] is denied.

---

    [1]As the Court noted in its initial order, the only administratively exhausted claim related to the failure to disclose the existence of benefits.  Order [13] at 5 n.4.

    [2]In one of his post-judgment filings, Williams refers to "new evidence" in the form of a Computer Matching Notice from the VA that explains that the recipient should notify the VA "if there is any change in your current address or marital status."  Pl.'s Evidence [17] at 3; *id.* at 8. He appears to suggest that this form establishes that the VA had a duty to its employee's spouse that could include notifying the spouse of employer-provided benefits.  But there is no indication that this form—even assuming it establishes what Williams suggests—is "newly discovered evidence that was unavailable prior to the district court's final judgment."  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 (5th Cir. 2003).  The form therefore provides no basis for reconsideration.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiff's Motion for Reconsideration and Reversal [15] is denied, Plaintiff's Motion for Answers [19] is denied as moot, Defendants' Motion to Strike [20] is granted, and Plaintiff's Motion and Request for a United States Justice Department Investigation and Review-Washington, D.C. [21] is denied.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

4